UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Ronnie Perry,** | ) | **CASE NO. 1:15 CV 1624** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Brigham Sloan,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Ronnie Perry has filed the pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. §2254.  (Doc. 1.)  He seeks to challenge his 2013 conviction in the Richland County Court of Common Pleas for possession of marijuana in an amount greater than 40,000 grams.  His one claim for relief challenges, on Fourth Amendment grounds, a warrantless search of a residence that was not his.

The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Thus, a *habeas* petitioner may not seek *habeas* relief if "he had a full and opportunity to raise [his Fourth Amendment] claim in state court and presentation of the claim was not thwarted by any failure

of the state's corrective processes." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

The petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court and the presentation of his claim was not thwarted by any failure of the state's corrective measures. The petition on its face indicates the petitioner raised, and the Ohio state courts fully considered, his Fourth Amendment challenge. *See State v. Perry*, 2015 WL 930393 (Ohio App. 5th Dist. March 2, 2015).

Accordingly, the petitioner's *habeas* petition is barred by *Stone*. The petition is therefore denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
Dated: 9/8/15          United States District Judge